IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHIA POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-722 |
| | ) | |
| OFFICER FRANK MARKS, ROBERT C | ) | Judge Donetta W. Ambrose |
| WYDA, PTLM SEAM MCGRAIL, PTLM | ) | Magistrate Judge Cathy Bissoon |
| MIHAEL DUNN, PTLM TOM REIGATTI, | ) | |
| ROSE SCABILLONI, PETER | ) | |
| SCABILLONI, POLICE CHIEF JOHN | ) | |
| MACKEY, *Municipality of Bethel Park*, | ) | |
| | | |
| Defendants. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Pending before the Court is Defendant Magisterial District Judge Robert C. Wyda's Motion to Dismiss (Doc. 18). The time for Plaintiff Sophia Poole to respond to Defendant Wyda's Motion to Dismiss expired on November 10, 2010. Plaintiff did not file a response. For the reasons stated herein, it is respectfully recommended that Defendant Wyda's motion be granted.

### II. REPORT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff's Amended Complaint (Doc. 4) does not allege any facts regarding Defendant Wyda and does not even mention his name. The Amended Complaint includes one reference to "the Magistrate": "Peter Scabilloni . . . still damaging my property because I cannot

1

file charges with the Magistrate he will put me in Jail . . . ." Doc. 4. Even assuming this reference to "the Magistrate" refers to Defendant Wyda, the Amended Complaint does not allege any specific conduct by "the Magistrate." Thus, even accepting all factual matter stated in the Amended Complaint as true, Plaintiff has failed to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at __, 129 S.Ct. at 1949.

Because the Amended Complaint does not allege any specific conduct of Defendant Wyda, the Amended Complaint contains insufficient information to assess whether Defendant would be entitled to judicial immunity.

For the reasons stated above, it is respectfully recommended that Defendant Magisterial District Judge Robert C. Wyda's Motion to Dismiss (Doc. 18) be **GRANTED** and Plaintiff's claim against Defendant Wyda should be dismissed without prejudice.[1]

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by November 29, 2010. Responses to objections are due by December 13, 2010.

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

November 15, 2010

cc:

Sophia Poole (via U.S. mail)
All counsel of record (via CM/ECF e-mail)

---

[1] Because Plaintiff's Amended Complaint contains insufficient information to ascertain the nature of Plaintiff's claim, it is impossible to determine at this stage whether any amendment to the Amended Complaint would be futile. Plaintiff should be granted leave to amend her Complaint to include specific facts regarding Defendant Wyda's conduct that Plaintiff alleges creates a cause of action against Defendant Wyda. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251-52 (3d Cir. 2007) (explaining that district courts must *sua sponte* offer leave to amend before dismissing civil rights claims for failure to state a claim).