IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHIA POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-722 |
| | ) | |
| OFFICER FRANK MARKS, ROBERT C | ) | Judge Donetta W. Ambrose |
| WYDA, PTLM SEAM MCGRAIL, PTLM | ) | Magistrate Judge Cathy Bissoon |
| MIHAEL DUNN, PTLM TOM REIGATTI, | ) | |
| ROSE SCABILLONI, PETER | ) | |
| SCABILLONI, POLICE CHIEF JOHN | ) | |
| MACKEY, *Municipality of Bethel Park*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I.     MEMORANDUM**

Pending before the Court is the Motion for More Definite Statement of Defendants Officer Frank Marks, Patrolman Sean McGrail, Patrolman Michael Dunn, Patrolman Tom Reigatti, and Police Chief John Mackey (Doc. 24).[1] The time for Plaintiff Sophia Poole to

---

1   A motion for more definite statement is nondispositive. See Wyatt v. Horkley Self-Serve, Inc., 325 F. App'x 488, 490 (9th Cir. 2009) (referring separately to "motion for more definite statement" and "dispositive motion"); Greenlee v. U.S. Postal Serv., No. 06-2167, 2009 WL 3270821, at *2 (D. Kan. Jan. 17, 2007) ("Motions for more definite statement are non-dispositive motions"); Lynch v. McDonough, No. 03-556, 2005 WL 1561454, at *1 n.1 (W.D.N.Y. July 1, 2005) (Report and Recommendation) ("Plaintiff's motion for summary judgment and Defendant's motion to dismiss are dispositive, whereas Plaintiff's alternative request for a more definite statement pursuant to Fed.R.Civ.P. 12(e) is nondispositive . . . ."), report and recommendation adopted by, 2005 WL 1785263 (W.D.N.Y. July 26, 2005); Bowers v. Nat'l Health & Safety Corp. (In re Nat'l Health & Safety Corp.), Nos. 99-18339, 00-973, 2001 WL 755437, at *3 (Bankr. E.D. Pa. June 26, 2001) (referring separately to "a dispositive motion or motion for a more definite statement"); Harris v. Ford, 32 F. Supp. 2d 1109, 1111 (D. Alaska 1999) (referring separately to "motion for a more definite statement, or a dispositive motion"); Caley v. Reg'l Transp. Dist., 142 F.R.D. 481 (D. Colo. 1992) (order on motion for more definite statement issued by magistrate judge following referral from district judge for "discovery management and determination of all non-dispositive

respond to Defendants' Motion for More Definite Statement expired on November 23, 2010. Plaintiff did not file a response.

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement when a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." The Court is mindful that Plaintiff is proceeding *pro se*, and, therefore, the factual allegations in her pleadings are liberally construed as she is held to a less stringent standard than attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Plaintiff's Amended Complaint (Doc. 4) is a single, handwritten page. From Plaintiff's Civil Cover Sheet (Doc. 1-2), it appears Plaintiff is asserting personal injury and civil rights claims. From the Amended Complaint, Plaintiff appears to allege that she suffered "Bodily injury." Plaintiff also appears to allege that she was subjected to a "Wrongful arrest," "False Charges on Police report," and "strip & Search." Plaintiff further appears to allege that she "Was not read my Random [sic] rights," "was not entitled to an attorney," and "was not entitled to a hearing to prove my innocence."

Defendants Marks, McGrail, and Dunn are not mentioned in the Amended Complaint. Defendant Mackey is named at the end of the Amended Complaint, but Plaintiff makes no allegations in the Amended Complaint regarding what Defendant Mackey did and why he should be liable to Plaintiff. Defendant Reigatti is mentioned in a single sentence that states: "Ptlm Tom Reigatti told Peter Scabilloni not to worry She Can't do you any thing."

While Plaintiff's Amended Complaint makes vague references to bodily injury and potential civil rights violations, the Amended Complaint "is so vague or ambiguous that the

---

motions"). A magistrate judge thus has the authority to issue an order ruling on such a motion. See Fed. R. Civ. P. 72(a).

[Defendants] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Amended Complaint is devoid of specific facts supporting any potential claims. For example, Plaintiff vaguely alleges certain bodily injury, but does not specify how she received those injuries or who inflicted those injuries. Similarly, with respect to "Wrongful arrest," Plaintiff does not specify the circumstances surrounding the alleged arrest, why she was arrested, who arrested her, or why the arrest was allegedly "wrongful." With respect to "strip & search," Plaintiff does not specify who subjected her to the search, the circumstances of the search, or why the search was allegedly illegal. Plaintiff's other allegations similarly lack basic factual information about what happened and why those factual circumstances entitle Plaintiff to relief from Defendants. The Amended Complaint also fails to specify which Defendants committed which alleged wrongs. Thus, Defendants cannot reasonably prepare a response and their Motion for More Definite Statement will be granted.

If Plaintiff wishes to pursue her claims, she may file an amended complaint in conformance with the Federal Rules of Civil Procedure. Plaintiff is advised that the general requirements for the contents of a complaint are set forth in Federal Rule of Civil Procedure 8, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In addition, a complaint must contain sufficient factual allegations to make any claim for relief requested "plausible" on the face of the Complaint. Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009). Plaintiff is also advised that Federal Rule of Civil Procedure 10 sets forth the required form for a complaint. Rule 10(b) requires that "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Thus, any amended complaint filed by Plaintiff should use numbered paragraphs with each paragraph stating a "single set of circumstances," and should include *factual* allegations describing what happened and why Plaintiff believes those circumstances entitle her to relief. Further, any amended complaint should specify what each defendant allegedly did and why Plaintiff believes each defendant should therefore be liable to her.

## II. ORDER

For the reasons stated above, the Court hereby **ORDERS** that the Motion for More Definite Statement of Defendants Officer Frank Marks, Patrolman Sean McGrail, Patrolman Michael Dunn, Patrolman Tom Reigatti, and Police Chief John Mackey (Doc. 24) is **GRANTED**. Plaintiff is granted leave to file an amended complaint in accordance with the above Memorandum no later than **December 8, 2010**.

**IT IS SO ORDERED.**

s/ Cathy Bissoon
Cathy Bissoon
U.S. Magistrate Judge

November 24, 2010

cc:

Sophia Poole (via U.S. mail)
All counsel of record (via CM/ECF e-mail).