IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| SOPHIA POOLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 2:10-722 |
| OFFICER FRANK MARKS, ROBERT C WYDA, PTLM SEAM MCGRAIL, PTLM MIHAEL DUNN, PTLM TOM REIGATTI, ROSE SCABILLONI, PETER SCABILLONI, POLICE CHIEF JOHN MACKEY, *Municipality of Bethel Park*, | ) | Judge Donetta W. Ambrose<br>Magistrate Judge Cathy Bissoon |
| Defendants. | ) | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I. **RECOMMENDATION**

Pending before the Court is Defendants Peter Scabilloni and Rose Scabilloni's (collectively, "the Scabilloni Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Failure to State a Claim, for Failure to Plead Claim Property [sic] or in the Alternative for a More Definite Statement (Doc. 26). After the Scabilloni Defendants filed their motion, Plaintiff filed a more definite statement (Doc. 31), and a brief opposing the motion to dismiss (Doc. 32). For the reasons stated herein, it is respectfully recommended that the Scabilloni Defendants' motion be granted and Plaintiffs' claims against them be dismissed for lack of subject matter jurisdiction.

### II. **REPORT**

The Scabilloni Defendants assert that Plaintiff's claims against them should be dismissed for, *inter alia*, lack of subject matter jurisdiction. Plaintiff's Amended Complaint (Doc. 4), Plaintiff's Civil Cover Sheet (Doc. 1-2), and Plaintiff's more definite statement (Doc. 31) do not

allege a basis of jurisdiction. The Court is mindful that Plaintiff is proceeding *pro se*, and, therefore, the factual allegations in her pleadings are liberally construed as she is held to a less stringent standard than attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, even a liberal construction of Plaintiff's amended complaint and more definite statement reveals no basis for subject matter jurisdiction in this Court.

First, this Court does not have original jurisdiction over Plaintiff's claims against the Scabilloni Defendants. With respect to the Scabilloni Defendants, Plaintiff's Amended Complaint states:

> Scabilloni –
> Racial Slurs
> false statement to police
> Deadly Threats
> Peter Scabilloni tried to stab me in the Chest with an iron rod. hit my legs with a shovel did $15,000 damage on my garage pulled out property pegs – Removed 121 of my Hedges and still damaging my property because I cannot file charges with the Magistrate he will put me in Jail.

From Plaintiff's more definite statement (Doc. 31), it appears that Plaintiff's claims against the Scabilloni Defendants arise from an alleged dispute over whether Plaintiff's garage is on the Scabilloni Defendants' property, alleged arguments between Plaintiff and the Scabilloni Defendants, and alleged threats made by the Scabilloni Defendants. Plaintiff's brief (Doc. 32) in opposition to the Scabilloni Defendants' Motion to Dismiss suggests that Plaintiff's claims against the Scabilloni Defendants are for alleged harassment and threats arising from a dispute on May 25, 2007.

Plaintiff's claims against the Scabilloni Defendants therefore appear to be in the nature of state common law tort claims for personal injury and property damage. This Court therefore

lacks federal question jurisdiction over Plaintiff's claims against the Scabilloni Defendants. See 28 U.S.C. § 1331.

This Court also lacks diversity jurisdiction because Plaintiff and the Scabilloni Defendants are all residents of Pennsylvania. See Scabilloni Defendants' Motion to Dismiss ¶¶ 1-2 (Doc. 26) (explaining that Plaintiff and Scabilloni Defendants are next-door neighbors); Pl.'s More Definite Statement at 3 (Doc. 31) (same); 28 U.S.C. § 1332.

Second, this Court does not have supplemental jurisdiction over Plaintiff's claims against the Scabilloni Defendants. Plaintiff appears to allege that defendant police officers Marks, McGrail, Dunn, and Reigatti, and defendant Police Chief Mackey (collectively, "Police Defendants") violated her civil rights through, *inter alia*, "Wrongful arrest," "False Charges on Police report," and "strip & Search." Amended Compl. (Doc. 4). Plaintiff's allegations against the Police Defendants arise from a May 25, 2007 incident in which the police became involved in a dispute among Plaintiff, Plaintiff's son, the Scabilloni Defendants, and the Scabilloni Defendants' family. See Doc. 31. Assuming this Court has federal question jurisdiction over Plaintiff's claims against the Police Defendants, supplemental jurisdiction over the claims against the Scabilloni Defendants exists only if they "are so related to" the claims against the Police Defendants "that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

Claims "form part of the same case or controversy" only if they "derive from a common nucleus of operative facts." Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995) (citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966)). A "common nucleus of operative facts" between federal and state law claims does not exist when the claims depend on distinct facts, such that there is "little overlap between the evidence relevant" to the claims. Id. at 763. Thus,

3

supplemental jurisdiction does not exist "over state claims totally unrelated to a cause of action under federal law." Id. at 761.

Plaintiff's personal injury and property damage tort claims against the Scabilloni Defendants are "totally unrelated" to Plaintiff's civil rights claims against the Police Defendants. Even assuming Plaintiff's claims against the Scabilloni Defendants and claims against the Police Defendants are related, there would be "little overlap between the evidence relevant" to proving personal injury and property damage claims against the Scabilloni Defendants and proving civil rights claims against the Police Defendants. Lyon, 45 F.3d at 761. Thus, there is no "common nucleus of operative facts" between Plaintiff's federal and state law claims, and this Court lacks subject matter jurisdiction over Plaintiff's claims against the Scabilloni Defendants.

For the reasons stated above, it is respectfully recommended that Defendants Peter Scabilloni and Rose Scabilloni's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 26) be **GRANTED** and Plaintiff's claim against Defendants Peter Scabilloni and Rose Scabilloni should be dismissed for lack of subject matter jurisdiction. The Scabilloni Defendants' alternative motion for a more definite statement should be denied as moot.

Further, because amendment to the Amended Complaint would be futile, the dismissal should be with prejudice to reinstitution of this action against the Scabilloni Defendants in this Court, but without prejudice to institution of a similar action in state courts. See Goode v. City of Phila., 539 F.3d 311, 327 (3d Cir. 2008) (holding that dismissal for lack of jurisdiction should be made without prejudice to instituting similar action in state court, because district court without jurisdiction cannot decide the merits of a complaint).[1]

---

[1] Although dismissal is recommended without prejudice to reinstitution of this action in state courts, Plaintiff's claims, which were filed in this Court on May 25, 2010 and based on incidents that occurred on May 25, 2007, appear to be barred by the statute of limitations in

4

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by December 20, 2010. Responses to objections are due by January 6, 2011.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
U.S. Magistrate Judge

December 3, 2010

cc:

Sophia Poole (via U.S. mail)
All counsel of record (via CM/ECF e-mail)

---

any event. See 42 Pa. C.S.A. § 5524 (setting two-year limitation period for actions for personal injury and property damage).