IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHIA POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-722 |
| | ) | |
| v. | ) | Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| OFFICER FRANK MARKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

On October 22, 2010, this case was referred to United States Magistrate Cathy Bissoon for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 72.C and 72.D of the Local Rules for Magistrates.

On November 15, 2010, the magistrate judge issued a Report (Doc. 28) recommending that Defendant Robert C. Wyda's Motion to Dismiss (Doc. 18) be granted, and that Plaintiff's claim against Defendant Wyda be dismissed without prejudice for failure to state a claim. Plaintiff filed objections (Doc. 30), and a more definite statement (Doc. 31).

Plaintiff's objections and more definite statement do not cure the defects identified in the magistrate judge's report and recommendation. While Plaintiff's objections and more definite statement provide additional details about Defendant Wyda's alleged conduct, the new allegations do not support any claim that Defendant Wyda violated Plaintiff's civil rights. Plaintiff alleges that Defendant Wyda "yelled at" her, that he told her "if you ever call the police again, I am going to incarcerate you, put you in jail, and charge you a $450 fine," and that he told her to get an attorney. See Doc. 30; Doc. 31 at 3. Plaintiff also makes the self-contradicting allegation that

"[w]hen I went before Magistrate Robert Wyda I did not have a hearing." Doc. 30. Plaintiff then generally alleges "Magistrate Wyda violated my son Wes and my civil rights to prove our innocence." Id. But even accepting all of Plaintiff's allegations as true, Plaintiff has failed to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)). In other words, even if Plaintiff's allegations are accepted as true, Defendant Wyda did not violate any of Plaintiff's civil rights. Thus, Plaintiff fails to state a claim against Defendant Wyda.

Plaintiff's objections and more definite statement also reveal additional grounds to grant Defendant Wyda's Motion to Dismiss. First, Defendant Wyda is entitled to absolute judicial immunity.[1] A judge is immune from a suit under 42 U.S.C. § 1983 for monetary damages arising from the judge's judicial acts. Gallas v. Supreme Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000). Whether an act is a "judicial act" for which immunity applies depends on "whether it is a function normally performed by a judge," and "whether [the parties] dealt with the judge in his judicial capacity." Id. at 768-69. Plaintiff's allegations regarding Defendant Wyda all relate to Plaintiff's appearance before Defendant Wyda in his judicial capacity. The alleged conduct of Defendant Wyda clearly involves his judicial acts. Defendant Wyda consequently is entitled to absolute judicial immunity.

Second, Plaintiff's more definite statement reveals that her claims are based on events that occurred in 2007. Because Plaintiff did not file her complaint until 2010, her claims are clearly barred by the two-year statute of limitations applicable to civil rights actions under 42 U.S.C.

---

[1] The magistrate judge correctly noted that Plaintiff's Amended Complaint (Doc. 4) contained insufficient information to assess whether Defendant Wyda would be entitled to judicial immunity.

§ 1983. See Mumma v. High Spec, Inc., No. 09-4667, 2010 WL 4386718, at *2 (3d Cir. Nov. 5, 2010) (holding that statute of limitations for § 1983 actions in Pennsylvania is the two-year statute of limitations for personal injury actions, 42 Pa. C.S. § 5524). Plaintiff's claims therefore are barred by the statute of limitations. See Abulkhair v. PPI/Time Zero, Inc., No. 10-2952, 2010 WL 4230752, at *1 (3d Cir. Oct. 27, 2010) ("Although the statute of limitations is an affirmative defense, a district court may sua sponte dismiss a complaint under [28 U.S.C.] § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required.").

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the following Order is entered:

AND NOW, on this _6th_ day of _Dec_, _2010_, IT IS HEREBY ORDERED that Defendant Robert C. Wyda's Motion to Dismiss (Doc. 18) is **GRANTED**, and Plaintiff's claim against Defendant Wyda is **DISMISSED WITH PREJUDICE**.[2]

_Donetta F. Ambrose_
Donetta W. Ambrose
United States District Judge

cc:

Sophia Poole (via U.S. First-Class Mail)
All Counsel of Record (via CM/ECF e-mail)

---

[2] Plaintiff's claim against Defendant Wyda is dismissed with prejudice because it is apparent from Plaintiff's objections and more definite statement that amendment to Plaintiff's complaint would be futile.