IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SOPHIA POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-722 |
| | ) | |
| OFFICER FRANK MARKS, ROBERT C | ) | Judge Donetta W. Ambrose |
| WYDA, PTLM SEAM MCGRAIL, PTLM | ) | Magistrate Judge Cathy Bissoon |
| MIHAEL DUNN, PTLM TOM REIGATTI, | ) | |
| ROSE SCABILLONI, PETER | ) | |
| SCABILLONI, POLICE CHIEF JOHN | ) | |
| MACKEY, *Municipality of Bethel Park*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Pending before the Court is the Motion to Dismiss by defendant police officers Marks, McGrail, Dunn, and Reigatti, and defendant Police Chief Mackey (collectively, "Police Defendants") (Doc. 34). After the Police Defendants filed their motion, Plaintiff filed additional "Facts" (Doc. 38), and two Responses (Docs. 40, 41). For the reasons stated herein, it is respectfully recommended that the Police Defendants' motion be granted and Plaintiffs' claims against them be dismissed as barred by the statute of limitations.

### II. REPORT

Plaintiff's more definite statement (Doc. 31) and additional "Facts" (Doc. 38) reveal that Plaintiff's claims against the Police Defendants are based on events that occurred in 2007. Because Plaintiff did not file her complaint until 2010, her claims are barred by the two-year statute of limitations applicable to civil rights actions under 42 U.S.C. § 1983. See Mumma v. High Spec, Inc., No. 09-4667, 2010 WL 4386718, at *2 (3d Cir. Nov. 5, 2010) (holding that

1

statute of limitations for § 1983 actions in Pennsylvania is the two-year statute of limitations for personal injury actions, 42 Pa. C.S. § 5524). Because Plaintiff's claims against the Police Defendants are clearly barred by the statute of limitations, the Court need not address other issues raised in the Police Defendants' Motion to Dismiss.[1]

Therefore, it is respectfully recommended that Defendants Marks, McGrail, Dunn, Reigatti, and Mackey's Motion to Dismiss (Doc. 34) be **GRANTED** and Plaintiff's claims against them should be dismissed as barred by the statute of limitations. Further, because amendment to the Amended Complaint would be futile, the dismissal should be with prejudice.

In accordance with the Magistrates Act, 20 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by January 6, 2011.

s/ Cathy Bissoon<br>
Cathy Bissoon<br>
U.S. Magistrate Judge

December 20, 2010

cc:

Sophia Poole (via U.S. mail)
All counsel of record (via CM/ECF e-mail)

---

[1] Plaintiff appears to argue that her son, Wesley Ritterbusch, also is a Plaintiff in this action because his name appears at the top of Plaintiff's Amended Complaint. See Doc. 41 at ¶ 7. But only Plaintiff has submitted an application to proceed *in forma pauperis* ("IFP"). For Mr. Ritterbusch to be a Plaintiff in this action, he must submit his own, sworn application in support of an application to proceed IFP. See Khattab El v. U.S. Justice Dept., 1988 WL 5117, at *1 (E.D. Pa. Jan. 22, 1988) (citation omitted); see also Cooke v. Harpum, 2008 WL 4830715, at *2 (N.D. Cal. Nov. 6, 2008) (although only one filing fee per case is required, "either [the] filing fee must be paid, or each plaintiff must qualify as [IFP]"). Further, Plaintiff, as a *pro se* litigant, may not appear on behalf of her son. Amaker v. Goord, 2009 WL 1586560, at *3 (W.D.N.Y. Jun. 4, 2009); accord Igbonwa v. Cameron, 2004 WL 257358, at *4 n.2 (E.D. Pa. Feb. 2, 2004) ("[a]lthough a non-attorney may appear [on] his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as an attorney for others than himself") (citation to quoted authority omitted). Thus, Plaintiff's son cannot be considered a Plaintiff in this action. In any event, based upon Plaintiff's allegations, Mr. Ritterbusch's claims also would be time-barred.